IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD RANDALL, an individual d/b/a JAMESON SHAW FINANCIAL SERVICES,<br><br>                        Plaintiff,<br><br>v.<br><br>KENNETH R. DAVIN,<br><br>                        Defendant. | Civil Action No. 13-703 |

## MEMORANDUM OPINION

**CONTI, Chief District Judge.**

Pending before the court is Kenneth R. Davin's ("Davin" or "defendant") motion to dismiss or, in the alternative, to transfer venue. (ECF No. 18.) Davin filed a brief in support of the instant motion, (ECF No. 19), and plaintiff Edward Randall ("Randall" or "plaintiff") filed a brief in opposition, (ECF No. 22). The court heard oral argument on the motion on November 26, 2013. For the reasons set forth below, this court denied defendant's motion to dismiss for lack of subject-matter jurisdiction, FED. R. CIV. P. 12(b)(1), but granted his motion to dismiss for lack of personal jurisdiction, FED. R. CIV. P. 12(b)(2). Thereafter, the court granted defendant's request that the case be transferred to the United States District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1406(a). The court did not rule on defendant's motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and

advised the parties to raise that motion in the transferee court, in accordance with that court's schedule and procedures, if appropriate.

I.  **Factual Background**

This is a breach of contract case originally filed in May 2013. (ECF No. 1.) Following defendant's filing of a motion to dismiss, (ECF No. 9), plaintiff filed a first amended complaint on August 20, 2013 (ECF No. 13). Defendant again timely filed a motion to dismiss or, in the alternative, to transfer venue. (ECF No. 18.) Plaintiff Randall, d/b/a Jameson Shaw Financial Service, accuses defendant Davin of failing to pay him approximately $500,000 in commissions, retainers and reimbursable expenses due under a signed letter agreement dated February 14, 2010, and letter amendment dated March 24, 2010. (ECF No. 13-1.) Pursuant to those agreements, plaintiff was to provide investment banking consulting services to defendant with respect to the possible private placement or sale of various companies owned by defendant. (Id.)

The February letter agreement includes a provision entitled "(5) Governing Law; Jurisdiction; Waiver of Jury Trial," which provides "[t]his Agreement and the Indemnity Agreement will be deemed made in the State of Tennessee and will be governed and construed by The Laws of the State of Tennessee. [Davin] irrevocably submits to the jurisdiction of any circuit or chancery court located in Knox County, Tennessee or the United States District Court of the Eastern District of Tennessee for the purpose of any suit, action or other proceeding arising out of this agreement… which is brought by or against [Davin] in regards to this transaction." (ECF No. 13-1 at 3.) Although the March letter amendment does not include such

2

a provision, the March amendment is derivative of and supplementary to the February agreement.

The complaint consists of two counts: Count I for Breach of Contract and Count II for Quantum Meruit/Unjust Enrichment. (ECF No. 13 at 7-8.) Defendant seeks dismissal of Randall's complaint on four grounds: (1) lack of subject-matter jurisdiction (Rule 12(b)(1)); (2) lack of personal jurisdiction (Rule 12(b)(2)); improper venue (Rule 12(b)(3)); and (4) failure to state a claim (Rule 12(b)(6)). (ECF No. 19 at 3.) In the alternative, Randall asks this court to transfer this case to the United States District Court for the Eastern District of Tennessee, pursuant to 28 U.S.C. §§ 1406 or 1404(a). (Id.)

## II. Legal Standards

### A. Subject-Matter Jurisdiction

Defendant contends that the allegations of the amended complaint fail to sufficiently allege that Randall is a citizen of Pennsylvania for purposes of establishing diversity jurisdiction. (ECF No. 19 at 4-5.) Specifically, defendant argues that Randall is not a citizen of Pennsylvania because Randall listed his personal residence for sale before filing the initial complaint in this case. (Id.) Davin's argument is without merit.

For purposes of determining diversity jurisdiction, a person is deemed to be a citizen of the state where he is domiciled. 28 U.S.C. § 1332(a); Washington v. Hovensa LLC, 652 F.3d 340, 344 (3d Cir. 2011); Zambelli Fireworks Mfg. Co., Inc. v. Wood, 592 F.3d 412 (3d Cir. 2010). The first amended complaint includes an allegation that Randall is a citizen of Pennsylvania, residing at an address within the jurisdiction of this court. (ECF No. 13 ¶ 1.)

3

Davin's submission of evidence showing that Randall listed his residence for sale earlier this year does not disprove Randall's allegation of citizenship. (ECF No. 19-1.) Even if Randall would have sold his residence, it does not follow that he would have left the Commonwealth of Pennsylvania. Regardless, plaintiff submitted further evidence, via declaration, in support of his assertion of Pennsylvania citizenship. (ECF No. 22-1.) The declaration attests to Randall's current ownership of property, payment of taxes and registration for purposes of voting and driving in Pennsylvania. (Id. at ¶¶ 2-9.) The allegation in the amended complaint, bolstered by this specific evidence, is sufficient to establish that Randall is a citizen of Pennsylvania.

This court has diversity jurisdiction over this matter as it is between a citizen of Pennsylvania and a citizen of Tennessee and the amount in controversy exceeds $75,000. Davin's motion to dismiss for lack of subject-matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), is denied.

### B. Personal Jurisdiction

Davin next contends that this court cannot constitutionally exercise personal jurisdiction over him because he never purposefully availed himself of the privilege of conducting business in the Commonwealth of Pennsylvania.

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), a court is required to accept a plaintiff's allegations as true and construe disputed facts in plaintiff's favor. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). Because federal courts, unlike their state counterparts, are courts of limited jurisdiction, it is incumbent upon the plaintiff to demonstrate that jurisdiction is appropriate.

4

Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 374-75 (1978). "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." Mellon Bank (East) PSFS, Nat. Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992); Metcalfe, 566 F.3d at 330. If the plaintiff establishes a prima facie case of personal jurisdiction, then the burden shifts to the defendant to demonstrate that the exercise of personal jurisdiction is unreasonable. O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 324 (3d Cir. 2007).

District courts may assert personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district court sits. Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001); Fed.R.Civ.P. 4(k). Pennsylvania's long-arm statute authorizes Pennsylvania courts to exercise personal jurisdiction over non-resident defendants to the constitutional limits of the Due Process Clause of the Fourteenth Amendment. Farino, 960 F.2d at 1221; 42 Pa. C.S.A. § 5322(b) ("[T]he jurisdiction of the tribunals of this Commonwealth shall extend ... to the fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed ...."). Thus, this court must determine whether Davin has sufficient minimum contacts with Pennsylvania such that maintenance of this lawsuit in this court does not offend traditional notions of fair play and substantial justice. O'Connor, 496 F.3d at 316. These minimum contacts must be based on "some act by which the defendant purposefully avails itself of the privilege of conducting activities within Pennsylvania, thus invoking the benefits and protections of its law." Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co. v. Superior Court of California, 480 U.S. 102, 109 (1987)).

5

Although there are two theories of personal jurisdiction, i.e., general jurisdiction and specific jurisdiction, there is no dispute that specific jurisdiction is the only relevant theory under the circumstances of this case. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 (1984). "[S]pecific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." Remick, 238 F.3d at 255 (quotation marks omitted); see General Electric Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001) ("A nexus between the defendant, the forum and the litigation is the essential foundation of in personam jurisdiction"). This inquiry is fact-intensive and consists of three steps: first, the court asks whether the defendant has purposefully directed his activities at the forum; second, the court asks whether the claims arise out of or relate to those specific activities; and finally, the court must determine whether the assertion of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. O'Connor, 496 F.3d at 317.

Breach of contract claims can form the basis of a court's assertion of personal jurisdiction over the contracting parties. Gen. Elec., 270 F.3d at 150 ("Parties who reach out beyond their state and create continuing relationships and obligations with citizens of another state are subject to the regulations of their activity in that undertaking.") (quotation marks and alteration omitted). "In determining jurisdiction over a breach of contract claim, [a court] must consider the totality of the circumstances, including the location and character of the contract negotiations, the terms of the contract, and the parties' actual course of dealing." Remick, 238 F.3d at 256 (citing Farino, 960 F.2d at 1223). Factors that courts have considered in determining whether a contractual relationship supports the exercise of personal jurisdiction include which

6

party initiated the relationship, and where, the location of contract negotiations, the length of the relationship, the amount and character of communications between the contracting parties, the place of payment and the non-resident's expectations regarding the location of the work to be performed. Remick, 238 F.3d at 256; Vetrotex Certainteed Corp. v. Consol. Fiber Glass Products Co., 75 F.3d 147 (3d Cir. 1996); Reliance Steel Products Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587 (3d Cir. 1982); Roetenberg v. King & Everhard, P.C., No. 00–1452, 2000 WL 1705787 (E.D. Pa. Nov. 6, 2000).

Based on these authorities, this court must first assess Davin's contacts with Pennsylvania to determine whether he purposefully directed his activities to this forum. According to Randall's own declaration evidence and amended complaint, Davin's contacts with Pennsylvania consist of: (1) Davin calling and emailing Randall knowing that he was at his home office in Pittsburgh, Pennsylvania; (2) Davin being aware that Randall would conduct the majority of work for Davin out of that home office; and (3) Davin's obligation to send payments to Randall in Pennsylvania. In his declaration, Randall specifically contends that Davin and he "spoke at length via telephone from my home office in Pittsburgh" and that Davin "called me here and sent information to me while knowing I was in Pittsburgh." (ECF No. 22-1 ¶¶ 12-13.) Randall states in both his amended complaint and declaration that he told Davin he was located in Pennsylvania and would perform the majority of the work out of his home office in Pittsburgh. (ECF No. 13 ¶ 22-24; ECF No. 22-1 ¶ 11.) Randall avers in the amended complaint that Davin "was to send payments to [Randall] in Pennsylvania." (ECF No. 13 ¶ 24.)

7

Davin, by way of declaration, denies knowing that Randall would do the majority of his work under the letter agreement out of Pennsylvania. (ECF No. 19-3 ¶ 10.) Davin states that he only communicated with Randall via cellular telephone and email, and was never given a Pennsylvania mailing address at which to contact him or to send payments. (Id. ¶ 10.) Davin asserts that he met Randall in Tennessee and never travelled to Pennsylvania to conduct negotiations or do business with him. (Id. ¶ 10.) In addition, Davin asserts that the companies that Randall was hired to sell were located in Tennessee and that the banks with which Randall negotiated on Davin's behalf were all located in Tennessee. (Id. ¶¶ 10a and 11.) Davin denies owning property or operating businesses in Pennsylvania. (Id. ¶¶ 5-7, 9.)

Although there is some discrepancy regarding whether Randall contacted a building management office in Pittsburgh, Pennsylvania or Chicago, Illinois on Davin's behalf, this matter is inconsequential to determining whether this court has personal jurisdiction over Davin. (ECF No. 22-1 ¶¶ 19-20.) Neither the amended complaint (ECF No. 13 ¶ 25), nor Randall's declaration (ECF No. 22-1 ¶¶ 19-20) assert that Randall told Davin about his contacts with the building management company, regardless of its location. Randall's contact, even if it were with a Pennsylvania company, could not support personal jurisdiction over Davin because there is no evidence that Davin was ever made aware of this contact.

The court first considers the cellular telephone and email communications that took place when Randall was located at his home office in Pittsburgh, Pennsylvania. These kinds of communication are not themselves tied to a physical location, such as a land line or physical mailing address. Given the inherently transient nature of cellular telephone and email communications, the court looked closely at the allegations and evidence in this regard to

8

determine whether they establish personal jurisdiction in this case. For purposes of deciding this motion, the court must construe the disputed facts in favor of Randall and therefore the court must find that Davin knew that Randall was physically located in his home office in Pittsburgh, Pennsylvania, when he spoke with him on his cell phone or communicated with him by email.

According to the amended complaint, Randall "performed the agreed-upon services" for a period of approximately seven months in 2009-2010. (ECF No. 13 ¶ 21.) The court is unable to determine how frequently the parties communicated during these seven months, and what percentage of the parties' communications took place while Randall was in his home office, as opposed to traveling. Given that Randall's own evidence demonstrates that he took twelve trips in the course of seven months on Davin's behalf, it is apparent that not all cell phone and email communications took place while Randall was in Pennsylvania. (ECF No. 13-1 at 6.) These details are important because courts must evaluate whether communications into a jurisdiction are "occasional" or "regular" in determining whether they can support a finding of personal jurisdiction. Vetrotex, 75 F.3d at 152 ("occasional" communications not sufficient without more to confer jurisdiction); Roetenberg, 2000 WL 1705787, at *4 (same); Remick, 238 F.3d at 256 ("repeated" communications among factors conferring jurisdiction); Cohen, Seglias, Greenhall, Pallas & Furman, P.C. v. Hessert Construction-PA. LLC, No. 10-6183, 2011 WL 382571, at *8 (E.D. Pa. Feb. 4, 2011) ("regular" communications among factors conferring jurisdiction). There is no information in the record on which to determine whether the parties' "home office" communications were repeated and regular or occasional, and how typical cell phone and email communication was between the parties. The parties' seven-month long business relationship, standing alone, is not akin to the ten-year long business relationship in

9

Remick, where informational communications via telephone and e-mail were one factor that supported the court's exercise of jurisdiction. Remick, 238 F.3d at 256.

Putting aside this issue, there is also no evidence that Randall's location during any particular communication was dictated or directed by defendant. The only reasonable inference from the totality of the record before the court is that Randall's location at any given time was the result of Randall's unilateral decision about where to conduct his business on that day. Davin cannot be found to have purposefully directed his activities at this jurisdiction by placing a cellular telephone call or sending an email when Davin had no control over whether Randall received it in Cleveland, Ohio, Pittsburgh, Pennsylvania, Knoxville, Tennessee, or somewhere else. The cellular phone and email communications between Randall and Davin at those times when Randall happened to be located in his home office in Pittsburgh, Pennsylvania are insufficient, without more, to establish that this court has personal jurisdiction over Davin in this case.

Randall next alleges that Davin knew that Randall would work out of his home office in Pittsburgh, Pennsylvania. Although Davin disputes this fact, the court will accept Randall's assertion, as the nonmovant, for purposes of deciding this motion. Even so, this fact is again the result of Randall's unilateral decision regarding where to locate his home-based business, and family. Even if Davin was aware of this fact, it does not establish that he purposefully directed his activities at this forum. The letter agreement and letter amendment make no reference to Pennsylvania, or to the location of Randall's business. To the contrary, the February 14, 2010 letter agreement explicitly states that it is being made in the state of

10

Tennessee and is subject to the laws of Tennessee and that any disputes arising under it will be resolved in the state or federal courts of Tennessee. (ECF No. 13-1 at 3.)

Finally, although Randall alleges that Davin was to have sent payments to him in Pennsylvania, a fact that Davin disputes, this requirement is not included in the letter agreement or amendment. Regardless, it is undisputed that no payments were ever made to Randall in Pennsylvania, or at any address, making it impossible for the place of payment to establish jurisdiction. (ECF No. 13 ¶ 24.)

In summary, it is undisputed that the work Randall was to perform on Davin's behalf under the letter agreement involved companies and banks located in Tennessee. There is no evidence that Davin sought out an individual or company in Pennsylvania with which to do business. Instead, the undisputed evidence reflects that Randall travelled to Tennessee to meet with Davin. It is undisputed that Davin never travelled to Pennsylvania to negotiate the contract or to otherwise meet with Randall. There is no evidence that Davin sent correspondence or payments to a physical address in Pennsylvania. It is also undisputed that Randall travelled extensively on Davin's behalf to Ohio, Florida, and Tennessee. The totality of the circumstances reveals that Randall's physical location was of no consequence to Davin, and that Randall could have completed the tasks he performed for Davin out of a home office based in any number of states.

11

For these reasons, under the standards set forth by the Court of Appeals for the Third Circuit in Reliance Steel, Remick, and Vetrotex, this court concludes that Davin did not purposefully direct his activities to Pennsylvania. As such, this court's exercise of personal jurisdiction over him would fail to comport with traditional notions of fair play and substantial justice. O'Connor, 496 F.3d at 317.

The court notes that its analysis of the personal jurisdiction question would remain largely unchanged, and the ultimate conclusion would be the same, even if the February 2010 letter agreement did not include a choice of law clause. Although this clause reinforces the court's conclusion that the contract, and the work performed thereunder, were not directed at Pennsylvania, it is not the sole, or even primary, basis on which the court finds that it lacks personal jurisdiction over Davin; rather, the totality of the circumstances demonstrates that Davin did not purposefully direct his activities at Pennsylvania. Remick, 238 F.3d at 256. For this reason, the court's reasoning and ruling on the breach of contract claim would apply with equal force to Randall's quantum meruit/unjust enrichment claim, which, by its nature, cannot be subject to the contractual clause. Remick, 238 F.3d at 255 (determination of personal jurisdiction is "claim specific"). In this case, the operative facts surrounding the parties' business contacts and relationship are the same regardless whether the legal cause of action being asserted is based on a contract or not. Thus, the analysis and conclusion would remain the same, and this court would equally lack personal jurisdiction to adjudicate an unjust enrichment or quantum meruit claim against Davin.

12

C. **Venue**

The question becomes whether this court should transfer this case "in the interest of justice" to a district "in which [the case] could have been brought." 28 U.S.C. §§ 1406(a), 1631. A federal district court may transfer or dismiss a case pursuant to § 1406(a) even if it lacks personal jurisdiction over the defendant. Lafferty v. St. Riel, 495 F.3d 72, 77 (3d Cir. 2007) (citing Goldawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962)); 28 U.S.C. § 1631. Transfer in lieu of dismissal is generally appropriate to avoid penalizing plaintiffs by "time-consuming and justice-defeating technicalities." Goldlawr, 369 U.S. at 467.

There is no genuine dispute that venue over this dispute is proper in the Eastern District of Tennessee. In diversity cases, suit may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(a)(2). The substantiality requirement is intended to preserve the element of fairness so that a defendant is not haled into a remote district having no real relationship to the dispute. Cottman Transmission Systems, Inc. v. Martino, 36 F.3d 291, 294 (3d Cir. 1994).

Based on the facts already summarized by the court in assessing Davin's challenge to this court's exercise of personal jurisdiction over him, it is apparent that a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Tennessee. Davin lives in and maintains a business address in Knoxville, Tennessee, which is within the jurisdiction of the United States District Court for the Eastern District of Tennessee. (ECF No. 19-3 ¶¶ 3, 5.) The companies Randall was hired to sell and the banks with which Randall negotiated on Davin's behalf are located there. (ECF No. 19-3 ¶¶ 10a, 11.) Many of the witnesses involved in this case are located in that jurisdiction as well. (ECF No. 19-3 ¶¶ 13-14.)

13

According to Randall's own records, he traveled to that jurisdiction six times in five months to conduct business on Davin's behalf. (ECF No. 13-1 at 6.) Although Randall argues that venue is proper in this court based solely on Davin's failure to send him the financial information that he needed in order to sell the companies, (ECF No. 22 at 7), the Court of Appeals for the Third Circuit has held that such "failure to send" claims do not establish proper venue in the intended recipient jurisdiction. Cottman, 36 F.3d at 295. A substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Tennessee, making the federal district court there an appropriate transferee court.

### III. Conclusion

For all the reasons set forth above, this court cannot exercise personal jurisdiction over Davin, and the case will be transferred to the United States District Court for the Eastern District of Tennessee. Given this disposition, it would be improper for this court to address Davin's motion to dismiss based on an alleged failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The transferee court is the appropriate forum in which to determine substantive issues. The parties are advised to reraise that motion in the transferee court, in accordance with that court's schedule and procedures, if appropriate.

An appropriate order will be filed contemporaneously with this opinion.

Dated: November 26, 2013

BY THE COURT,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

14